**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7           IN THE UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                       SAN JOSE DIVISION

10   GREG YOUNG, individually and on behalf          CASE NOS. 5:11-cv-05668 EJD;
     of all others similarly situated,               5:11-cv-05669 EJD

11

                                                     **ORDER GRANTING PLAINTIFFS'**
12              Plaintiff(s),                         **MOTIONS TO REMAND**
        v.

13
     PACIFIC BIOSCIENCES OF
14   CALIFORNIA, INC., et. al.,

15
                Defendant(s).                         [Docket Item Nos. 5, 17]
16
        ─────────────────────────────────/
17
     MATTHEW SANDNAS, individually and
18   on behalf of all others similarly situated,

19
                Plaintiff(s),
20
        v.
21
     PACIFIC BIOSCIENCES OF
22   CALIFORNIA, INC., et. al.,

23
                Defendant(s).                         [Docket Item No. 4]
24
        ─────────────────────────────────/
25

26                          **I.    INTRODUCTION**

27       In these related securities actions, Plaintiffs Greg Young and Matthew Sandnas allege claims

28   for violations of §§ 11, 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77a et. seq. (the

                                               1
     Case Nos. 5:11-cv-05668 EJD; 5:11-cv-05669 EJD
     ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND

United States District Court

For the Northern District of California

1 "1933 Act"), individually and on behalf of a purported class, against Defendants Pacific Biosciences

2 of America ("Pacific"), its officers and board members, as well as certain underwriters of Pacific's

3 initial public stock offering.  Young and Sandnas originally filed their Complaints in San Mateo

4 County Superior Court.  Pacific removed both actions to this court pursuant to 28 U.S.C. § 1441.

5 Presently before the court are the motions of both Young and Sandnas to remand their

6 respective cases to the superior court.[1]  In response, Pacific argues the removals were proper because

7 the district court has original jurisdiction pursuant to 15 U.S.C. §§ 77v(a) and 77v(c).  The court

8 found these matters suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b)

9 and therefore vacated the previously-scheduled hearing.

10 Having now carefully reviewed the moving, opposing and reply papers, the Motions to

11 Remand will be granted for the reasons stated below.

## II.   LEGAL STANDARD

13 Removal jurisdiction is a creation of statute.  See Libhart v. Santa Monica Dairy Co., 592

14 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely

15 from the statutory authorization of Congress.").  Only those state court actions that could have been

16 originally filed in federal court may be removed.  28 U.S.C. § 1441(a) ("Except as otherwise

17 expressly provided by Act of Congress, any civil action brought in a State court of which the district

18 courts of the United States have original jurisdiction, may be removed by the defendant."); see also,

19 e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally

20 could have been filed in federal court may be removed to federal court by defendant.").

21 Accordingly, the removal statute provides two basic ways in which a state court action may be

22 removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens

23 of different states.  28 U.S.C. §§ 1441(a), (b).

24 The Notice of Removal filed in this action relies on the presence of a federal question.  When

25

---

26 [1] Young's motion appears as docket item number 5 in case number 5:11-cv-05668 EJD.
Sandnas' motion appears as docket item number 4 in case number 5:11-cv-05669 EJD.  The court
27 addresses these motions together as the papers filed in relation to each motion are seemingly
identical.  The joinder in opposition filed by the Underwriter Defendants is GRANTED.  See Docket
28 Item No. 17 in 5:11-cv-05668 EJD.

2

United States District Court

For the Northern District of California

1   that is the case, the court looks to the face of a well-pleaded complaint to determine whether a cause

2   of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the

3   resolution of a substantial question of federal law.  Christianson v. Colt Indus. Operating Corp., 486

4   U.S. 800, 808 (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S.

5   1, 27-28 (1983)).  "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that

6   there is a federal question."  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  The complaint

7   as it existed at time of removal dictates whether removal jurisdiction is proper.  Libhart, 592 F.2d at

8   1065.

9                                    **III.   DISCUSSION**

10          There is no question that both the Young and Sandnas Complaints each raise a federal

11   question, considering *only* violations of federal securities laws are alleged.  For this reason, the cases

12   are facially removable under the general removal statute, 28 U.S.C. § 1441.  That determination,

13   however, does not end the analysis.  These particular motions turn on the application of different and

14   more specific statutes applicable to securities actions.

15          The first relevant statute is 15 U.S.C. § 77v, which states in pertinent part:

16          The district courts of the United States and United States courts of any
            Territory shall have jurisdiction of offenses and violations under [the
17          1933 Act] . . . and, concurrent with State and Territorial courts, except
            as provided in . . . [15 U.S.C. § 77p] with respect to covered class
18          actions, of all suits in equity and actions at law brought to enforce any
            liability or duty created by [the 1933 Act]. . . . *Except as provided in*
19          *section . . . [15 U.S.C. § 77p(c)], no case arising under [the 1933 Act]*
            *and brought in any State court of competent jurisdiction shall be*
20          *removed to any court of the United States.*

21   15 U.S.C. § 77v(a) (emphasis added).

22          The second is 15 U.S.C. § 77p.  Subsection (b), which the United States Supreme Court has

23   coined the "preclusion provision" of that statute, provides:

24          No covered class action based upon the statutory or common law of
            any State or subdivision thereof may be maintained in any State or
25          Federal court by any private party alleging -

26          (1) an untrue statement or omission of a material fact in connection
            with the purchase or sale of a covered security; or
27
            (2) that the defendant used or employed any manipulative or deceptive
28          device or contrivance in connection with the purchase or sale of a

                                         3

Case Nos. 5:11-cv-05668 EJD; 5:11-cv-05669 EJD
ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND

United States District Court

For the Northern District of California

1    covered security.

2    15 U.S.C. § 77p(b); <u>Kircher v. Putnam Funds Trust</u>, 547 U.S. 633, 636 (2006) ("The Act has a

3    preclusion provision and a removal provision. . . .").

4        Subsection (c) of § 77p - the "removal provision" - states:

5        Any covered class action brought in any State court involving a
         covered security, as set forth in subsection (b), shall be removable to
6        the Federal district court for the district in which the action is pending,
         and shall be subject to subsection (b).

7

8    15 U.S.C. § 77p(c); <u>Kircher</u>, 547 U.S. at 636.

9        Young and Sandnas contend that actions such as theirs, which allege *only* claims under the

10   1933 Act, may not be removed from state court to federal court due to the express restriction on

11   removal contained in § 77v.  For their part, Defendants argue that the language of § 77p(b) vests the

12   federal courts with exclusive jurisdiction over "covered class actions," that the <u>Young</u> and <u>Sandnas</u>

13   cases are "covered class actions," and that § 77p(c) allows for their removal accordingly.  These

14   motions therefore present a question of statutory interaction, specifically the interplay between §§

15   77v and 77p.

16       This court is not the first to be faced with this exact question.  But as the parties' pleadings

17   make clear, the district courts have not harmonized the jurisdictional and removal provisions of  §§

18   77v and 77p with the same effect.  <u>See, e.g.</u>, <u>Unschuld v. Tri-S Sec. Corp.</u>, 1:06-CV-02931-JEC,

19   2007 WL 2729011 (N.D. Ga. Sept. 14, 2007) (examining the history of §§ 77p and 77v and granting

20   motion to remand); <u>West Palm Beach Police Pension Fund v. Cardionet, Inc.</u>, No. 10cv711-L(NLS),

21   2011 WL 1099815, 2011 U.S. Dist. LEXIS 30607, at *6 (S.D. Cal. Mar. 24, 2011) (granting motion

22   to remand); <u>Knox v. Agria Corp.</u>, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009) (denying motion to

23   remand); <u>Rovner v. Vonage Holdings, Corp.</u>, No. 07-178 (FLW), 2007 WL 446658, 2007 U.S. Dist.

24   LEXIS 8656, at *14 (D.N.J. Feb. 5, 2007) (denying motion to remand).  The result is a split of

25   authority.

26       Moreover, this issue has seemingly eluded definitive resolution by the appellate courts,

27   perhaps due to the review restrictions on remand orders.  <u>See</u> 28 U.S.C. § 1447(d) ("An order

28   remanding a case to the State court from which it was removed is not reviewable on appeal or

4

**United States District Court**

For the Northern District of California

1  otherwise . . . ."); see also Sheeran v. General Electric Co., 593 F.2d 93, 97 (9th Cir. 1979) ("Where

2  a motion to remand is denied, the propriety of removal is reviewable on appeal from the final

3  judgment or by interlocutory appeal if the refusal to remand is certified under 28 U.S.C. §

4  1292(b)."). But some guidance has nonetheless been provided. In Kircher v. Putnam Funds Trust,

5  the United States Supreme Court interpreted § 77p with a strict eye:

> The funds argue that removal jurisdiction is broader by emphasizing
> the adjective that introduces subsection (c): "Any" covered action. §
> 77p(c). But that suggestion would be persuasive only if we stopped
> reading right there, and we do not stop there; we do not read statutes in
> little bites. And, as just noted, if we did read the removal power that
> broadly there would be no point to the phrase "as set forth in
> subsection (b)," for subsection (b) cases would be removable anyway
> as a subset of covered class actions. The funds purport to counter this
> objection with their argument that on our reading the last phrase of
> subsection (c) is redundant in providing that removed cases "shall be
> subject to subsection (b)," since subsection (b) cases would in any
> event be so subject. The funds are in fact right about that redundancy,
> but the point does not count for their side, because the phrase is
> redundant on their reading, too: any subsection (b) case removed as
> falling within the broad category of covered class actions would be
> treated in accordance with subsection (b) if the subsection applied to
> that case. In sum, we see no reason to reject the straightforward
> reading: removal and jurisdiction to deal with removed cases is limited
> to those precluded by the terms of subsection (b).

16  Kircher, 547 U.S. at 643 (internal citations omitted). In addition, the Ninth Circuit took the

17  salient portion § 77v to mean exactly what it states in Luther v. Countrywide Home Loans

18  Servicing, LP, 533 F.3d 1031 (9th Cir. 2008): :

> The Securities Act of 1933, which imposes liability for omissions and
> misstatements in various securities-related communications, provides
> concurrent jurisdiction in state and federal courts over alleged
> violations of the Act. Pub.L. No. 73–22, ch. 38, § 22(a), 48 Stat. 74,
> 86–87 (codified at 15 U.S.C. § 77v(a)). However, § 22(a) strictly
> forbids the removal of cases brought in state court and asserting claims
> under the Act. Luther's class action falls within § 22(a)'s removal bar
> because it was brought in state court and asserts only claims arising
> under the Securities Act of 1933.

24  533 F.3d at 1033. The Luther court held that because § 77v is statute of precise application not

25  submerged by a statute of more general application, the district court properly remanded a securities

26  action only alleging claims under the 1933 Act. See id. at 1034.

27      This court finds Kircher and Luther instructive, and also finds persuasive the determinations

28  in cases such as Unschuld and West Palm Beach Police Pension Fund. As such, the court interprets

Case Nos. 5:11-cv-05668 EJD; 5:11-cv-05669 EJD
ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND

United States District Court

For the Northern District of California

1  § 77p(c) as the Supreme Court did in <u>Kircher</u>: only those "covered class actions" described in §

2  77p(b) alleging omission or deception based upon *state law* are removable.  The court also interprets

3  § 77v as the Ninth Circuit did in <u>Luther</u>: cases alleging claims only under the 1933 Act cannot be

4  removed from state court.  Since the <u>Young</u> and <u>Sandnas</u> actions do not rely on state law but allege

5  only claims under the 1933 Act, they are not the type of covered class actions capable of being

6  removed pursuant to § 77p, and indeed are prohibited from removal pursuant to § 77v.  Because

7  Pacific removed these actions in contravention of these sections, the Motions to Remand must be

8  granted.

9                                    **IV.    ORDER**

10        Based on the foregoing, the Motions to Remand filed by Young (Docket Item No. 5 in 5:11-

11  cv-05668 EJD) and Sandnas (Docket Item No. 4 in 5:11-cv-05669 EJD) are each GRANTED.  The

12  clerk shall remand these actions to San Mateo County Superior Court and close these files.

13        The Case Management Conferences scheduled for March 16, 2012, are VACATED.

14  **IT IS SO ORDERED.**

15

16  Dated:  March 13, 2012



    EDWARD J. DAVILA
17    United States District Judge

18

19

20

21

22

23

24

25

26

27

28

                                          6
Case Nos. 5:11-cv-05668 EJD; 5:11-cv-05669 EJD
ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND